IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MID-CONTINENT CASUALTY COMPANY, )
                                )
            Plaintiff,           )
                                )
    v.                           )     Case No. 17-2561-JWL
                                )
GREATER MIDWEST BUILDERS, LTD and )
GREATER MISSOURI BUILDERS, INC., )
                                )
            Defendants.          )
                                )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion (Doc. # 26) by plaintiff Mid-Continent Casualty Company ("MCC"), pursuant to Fed. R. Civ. P. 59(e) and D. Kan. Rule 7.3, to amend the Court's judgment in favor of defendants on MCC's claim. In essence, MCC seeks reconsideration of the Court's Memorandum and Order of February 12, 2018 (Doc. # 24), by which the Court ruled that MCC had not stated a plausible claim for breach of contract. For the reasons set forth below, the Court **denies** the present motion.

The applicable local rule provides that a motion for reconsideration of a dispositive order or judgment must be made pursuant to Rule 59(e) or Rule 60. *See* D. Kan. Rule 7.3(a). The Tenth Circuit has discussed the applicable standard for a motion for reconsideration under Rule 59(e) as follows:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for

> reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*See Servant of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). By this motion, MCC argues that the Court, in its prior order, made clear errors of law and fact, which must be corrected to avoid manifest injustice. MCC's present arguments, however, were made or could have been made in opposing defendants' motion to dismiss, and MCC has failed to show that the Court committed clear error.

In its prior order, the Court dismissed MCC's claim that defendants breached various insurance policies' provision requiring the insured to reimburse MCC for parts of deductible amounts paid by MCC to effect the settlement of a claim or suit. After defendant Greater Midwest Builders, LTD ("GMB") settled underlying property damage claims asserted against it in a Kansas court, the claimants brought a garnishment action against MCC on the policies in a Missouri court. In this suit, MCC alleged that, after the claimants obtained a judgment against it in the garnishment action, MCC settled that action with the claimants, and that because that settlement included deductible amounts, it could seek reimbursement from GMB, the insured (and GMB's parent, under an alter ego theory). The Court rejected that claim, ruling as a matter of law that the settlement provision of the policies applied only to the settlement of a claim against the insured and thus did not apply to MCC's settlement of the garnishment action against it. MCC also argued alternatively that defendants breached the policies simply because MCC was not obligated to pay the amounts of the deductibles, but the Court rejected that argument on the basis that MCC

2

had not identified any provision in the policies requiring reimbursement in this situation. MCC now seeks reconsideration of the Court's ruling concerning the settlement prong of the policies' deductible endorsements.[1]

MCC argues that the Court erred in interpreting the settlement provision as applying only in the event of a settlement of a claim or suit against an insured. In so doing, MCC relies primarily on the same argument that it made previously---that neither the provision nor the policies' definition of "suit" is explicitly limited to claims or suits against insureds. MCC has not addressed many aspects of the Court's reasoning on this issue, however. As the Court explained previously, the policies obligated MCC to pay only the coverage amounts less the deductibles, and thus the need for reimbursement would arise only in the event that MCC settled an underlying claim against an insured. That did not occur in this case, in which MCC settled its *own* liability on the policies in the garnishment action. There would be no need for reimbursement in the event of a garnishment action because MCC's own liability on the policies---the issue being decided in the garnishment action---

---

[1] In response to MCC's motion to reconsider, defendants renew their argument that MCC's claim is barred by collateral estoppel. In its prior order, the court declined to resolve that issue in light of its ruling on the settlement prong. MCC responds to this renewed argument by defendants by arguing that the settlement prong could not have been at issue in the garnishment because MCC had not yet settled that suit. The issue on which defendants seek preclusion, however, is the amount of any deductibles under the policy, which issue could have been decided in the garnishment action. In its prior order, the Court noted that there was no evidence regarding whether MCC actually withdrew that defense during the course of the garnishment litigation. Defendants continue to argue that there is no evidence of such a withdrawal, but defendants bear the burden to establish estoppel here, and they have still failed to provide evidence concerning whether the deductibles defense was a subject of discovery. Thus, because the Court reaffirms its dismissal on other grounds, it again declines to resolve whether collateral estoppel would bar MCC's claim at this stage.

would not include the amount of any applicable deductible. Moreover, under MCC's interpretation, MCC could obtain reimbursement of any deductibles paid in the settlement of a garnishment action, but it would not be able to obtain such reimbursement if it had simply paid the garnishment judgment, given the absence of a similar provision encompassing the satisfaction of a judgment. As the Court noted in its previous order, there is no reasonable basis for different treatment based on whether MCC settled or paid a garnishment judgment. That fact supports the interpretation that the settlement provisions must apply only in the event of a claim against an insured, and MCC has failed to address that reasoning by the Court.[2]

Nor has MCC addressed the portion of the previous order in which the Court noted that the policies' definition of "suit" makes specific reference, by way of example, to particular types of proceedings to which the insured submits, which fact also supports the conclusion concerning the type of suit envisioned by the policies. In addition, under that definition, a "suit" is a proceeding involving the allegation of damages because of bodily injury or property damage, while the garnishment action, in contrast, involved MCC's own liability on the policies. Finally, as defendants note, even if the policies were ambiguous

---

[2] MCC continues to dispute that any deductibles would necessarily be applied in the garnishment action (despite asserting the deductibles as a defense in its answer in that action). MCC now argues that the issue of any deductibles would not have been relevant until coverage issues were decided in that action. In any suit, however, issues relating to the amount of damages are necessarily decided even though such issues become moot in the absence of a finding of liability. Similarly, in the garnishment action, MCC could have raised any defense to liability under the insurance policies, whether relating to the fact of coverage or to the amount of coverage.

on this point, such ambiguity would be resolved against the insurer. *See Burns v. Smith*, 303 S.W.3d 505, 511 (Mo. 2010).[3]

In a new argument, MCC cites cases in which reimbursement was permitted for the settlement of claims against an "additional insured," and it argues that the settlement provision is therefore not limited to claims against the primary insured. Those cases are easily distinguishable, however, as the settled claim involved a liability covered by the insurance policy---a claim against an insured---and not, as here, the insurer's *own* liability under the policy.

MCC devotes much of its briefs to its argument that the Court wrongly required the settlement to have benefitted defendants before the settlement provision applied, and that the Court further erred in finding that the settlement did not benefit the insured here. The Court did not include such a requirement in its interpretation, however. In its prior order, the Court noted defendants' argument that the settlement provision applies not to a garnishment action, but to "a situation in which the insurer has settled a claim against the insured, thereby benefitting the insured;" and it rejected MCC's argument that the settlement need not have benefitted the insured. The Court's ultimate interpretation, however, was that provision applies only "in the context of a settlement by the insurer of a claim or suit against the insured." In the ordinary case, such a settlement would benefit the insured because it would resolve a claim against the insured, but the key for purposes of this interpretation is the fact that the settled claim was one against an insured. From the

---

[3] In their briefs on the underlying motion to dismiss, both sides applied Missouri law with respect to the contract claim.

face of the complaint, the present case does not involve the settlement of a claim against the insured, and thus the settlement provision does not apply here as a matter of law.

Moreover, MCC has still not explained how GMB benefitted from MCC's settlement in any real sense. The fact that the garnishment statute required inclusion of GMB as a technical defendant does not mean that GMB truly benefitted from the settlement of that action. Nor is it relevant that the satisfaction of the judgment against GMB was not filed in the underlying Kansas action until after MCC's settlement of the Missouri action. The injured claimants had contractually agreed not to execute against GMB and to limit its collection efforts to any insurers; therefore, the formal satisfaction of the judgment was of no moment, as GMB's liability would not be changed regardless of the outcome of the garnishment action.[4] This lack of a benefit to GMB from MCC's settlement supports the Court's ruling that the present case did not involve the type of settlement that falls within the scope of the settlement prong of the policies' deductible endorsements.

For these reasons, MCC has not shown that the Court erred in its prior ruling. Accordingly, the Court denies the motion for reconsideration.

---

[4] Each side urges the Court to consider its own settlement agreement. In making its previous ruling, however, the Court did not consider either document, and it need not do so now. In its complaint, MCC alleged that GMB reached an agreement with the underlying Kansas claimants that provided that the claimants would seek to collect their judgment only from the available insurance coverage. Thus, on the face of the complaint it is apparent that MCC's own settlement in the garnishment action did not affect GMB's financial exposure.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to alter or amend the judgment (Doc. # 26) is hereby **denied**.

IT IS SO ORDERED.

Dated this 30th day of April, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
